1
2
3
4
5
6
7
8
9

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RACHEL ASWAD and DAVID ASWAD, ) | CIV F 06-0835  AWI LJO |
| ) | |
| ) | ORDER ON PLAINTIFFS'S |
| Plaintiffs, ) | RULE 41(a)(1) MOTION |
| v. ) | |
| ) | (Document No. 29) |
| ACA RECEIVABLES, L.L.C., ) | |
| FRANKLIN C. LOVE, an individual, and ) | |
| DOES 1 through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

11
12
13
14
15
16
17
18
19
20
21
22
23

On February 2, 2007, the Plaintiffs and Defendant Franklin Love ("Love") filed a motion to dismiss the claims against only Love pursuant to Rule 41(a)(1).  <u>See</u> Court's Docket Document No. 29.  The motion is not signed by Defendant ACA Receivables ("ACA").  On October 6, 2006, ACA filed an answer to Plaintiffs's complaint.  <u>See id.</u> at No. 22.  On January 24, 2007, Love filed an amended answer to Plaintiffs's complaint.  <u>See id.</u> at No. 28.

Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

24
25
26
27
28

Rule 41(a)(1)(i) allows a plaintiff to dismiss a complaint as a matter of right as long no answer or summary judgment motion have been filed by the adverse party.  Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).  Rule 41(a)(1)(ii) allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Eitel, 782 F.2d at 1473 n.4.  Similarly, a plaintiff's dismissal under Rule 41(a)(1)(i) is effective on filing and no court order is required.  Wilson,  111 F.3d at 692.

Here, excluding the unidentified Doe defendants, there are two Defendants in this case and both have filed answers.  Because the answers have been filed, the plain language of Rule 41(a)(1)(i) shows that Plaintiffs can no longer dismiss their claims as a matter of right.  Thus, dismissal under Rule 41(a)(1)(i) is not possible.  However, dismissal can still be attained under Rule 41(a)(1)(ii).  As the express language of this rule indicates, for a dismissal under Rule 41(a)(1)(ii) to be effective, all parties who have appeared must sign the stipulation.  Here, only Plaintiffs and Love have signed the stipulation; ACA has not signed the stipulation.  Because a party who has appeared (ACA) has not agreed to the dismissal, the claims against Love cannot be dismissed under Rule 41(a)(1)(ii).

There are two ways to dismiss a case under Rule 41(a)(1) depending on the procedural posture of the case.  See Fed. R. Civ. Pro. 41(a)(1).  Given that all Defendants answered and thus appeared prior to Plaintiffs's motion to dismiss, Rule 41(a)(1)(ii) provides the mechanism for dismissing this case.  Dismissal of Love is still possible through Rule 41(a)(1)(ii) if ACA agrees, or through a properly supported Rule 41(a)(2) motion.  Since Plaintiffs's Rule 41(a)(1) motion is defective, Love remains a party to this action.

2

1    Accordingly, IT IS HEREBY ORDERED that Plaintiffs's Motion to Dismiss Franklin

2 Love under Rule 41(a)(1) is DENIED without prejudice.

3

4 IT IS SO ORDERED.

5 **Dated:     February 5, 2007**                         **/s/ Anthony W. Ishii**

6 0m8i78                                        UNITED STATES DISTRICT JUDGE